1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANTOINE E. MODICA SR.,

11              Plaintiff,                    No. CIV S-11-2163 DAD P

12      vs.

13  B. COX, et al.,

14              Defendants.              <u>ORDER</u>

15  _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17  U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19  302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21  required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22  pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

24  28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25  currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28

26  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4  § 1915(b)(2).

5  **SCREENING REQUIREMENT**

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert</u>. <u>denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as defendants Correctional Officer Cox, Sergeant Turner, and Lieutenant Money who are all employed at the California Correctional Center.  In his complaint, plaintiff alleges that, on January 17, 2011, defendant Cox was passing

1    out lunches but informed plaintiff and other inmates that there were not enough lunches for

2    everyone.  Defendant Cox told the inmates who did not receive a lunch to file an inmate appeal.

3    Defendant Turner similarly told plaintiff that there was nothing he, Turner, could do and that

4    plaintiff could file a "602."  Plaintiff alleges that he eventually did file an inmate appeal

5    regarding the January 17, 2011, lunch incident, but when he returned to work on January 22,

6    2011, defendant Cox called him into his office and told him the "602" would "not stick."

7    Plaintiff alleges that, on February 3, 2011, he was removed from his kitchen job and given a

8    janitorial job instead, and on February 7, 2011, he received his first ever prison rules violation

9    report ("RVR").  According to plaintiff's complaint, it appears that defendants Turner and

10    Money adjudicated the RVR and found plaintiff guilty of a prison rules violation.  (Compl. at 5

11    & Attach. 1-3.)

12                                        **DISCUSSION**

13            The allegations in plaintiff's complaint are so vague and conclusory that the court

14    is unable to determine whether the current action is frivolous or fails to state a claim for relief.

15    The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

16    Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

17    the defendants and must allege facts that support the elements of the claim plainly and succinctly.

18    Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

19    with at least some degree of particularity overt acts which defendants engaged in that support his

20    claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

21    8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

22    amended complaint.

23            If plaintiff chooses to file an amended complaint, he must demonstrate how the

24    conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.

25    See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

26    specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

                                              4

1    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

2    connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

3    U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

4    F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

5    rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6           Insofar as plaintiff is attempting to assert an Eighth Amendment claim for having

7    not received a lunch on January 17, 2011, he fails to state a cognizable claim.  The "unnecessary

8    and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United

9    States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright,

10   430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  However, neither

11   accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and

12   wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by

13   the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is needed to show

14   unnecessary and wanton infliction of pain "varies according to the nature of the alleged

15   constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S.

16   at 320).  To state and Eighth Amendment claim for the deprivation of food, plaintiff must allege

17   facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively

18   each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to

19   occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Here, the denial of a single lunch does

20   not constitute a sufficiently serious deprivation for purposes of the Eighth Amendment.  See

21   Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) ("The sustained deprivation of food can be

22   cruel and unusual punishment when it results in pain without any penological purpose."); Keenan

23   v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (The Eighth Amendment protects a prison inmate's

24   right to food adequate to maintain health"); Kabil v. Youngblood, No. 1:08-cv-0281-SMS PC,

25   2009 WL 2475006, at *13 (E.D. Cal. Aug. 11, 2009) ("Missing lunch on a single occasion does

26   not fall within the boundaries of constitutional violation.").  Nor has plaintiff alleged that

1 defendants Cox and Turner had a sufficiently culpable state of mind in not providing him with a

2 lunch.

3           Insofar as plaintiff is attempting to state a retaliation claim against the named

4 defendants, he is advised that under the First Amendment, prisoners have a constitutional right to

5 file prison grievances and pursue civil rights litigation in the courts.  See Rhodes v. Robinson,

6 408 F.3d 559, 567 (9th Cir. 2005).  Prison officials may not retaliate against prisoners for doing

7 so.  See id. at 568.  In this regard, the Ninth Circuit has explained:

8             Within the prison context, a viable claim of First Amendment
              retaliation entails five basic elements: (1) An assertion that a state
9             actor took some adverse action against an inmate (2) because of (3)
              that prisoner's protected conduct, and that such action (4) chilled
10            the inmate's exercise of his First Amendment rights, and (5) the
              action did not reasonably advance a legitimate correctional goal.
11

12 Id. at 567-68.  Here, it is not clear from plaintiff's complaint if he believes that the defendants

13 retaliated against him for filing an inmate appeal by causing him to lose his kitchen job and/or by

14 filing a RVR against him.  If this is the case, in any amended complaint plaintiff elects to file, he

15 will need to clarify his allegations to satisfy the five basic elements of a retaliation claim.

16 Plaintiff is cautioned, however, that a retaliation claim cannot rest on the logical fallacy of *post

17 hoc, ergo propter hoc*, literally, "after this, therefore because of this."  Huskey v. City of San

18 Jose, 204 F.3d 893, 899 (9th Cir. 2000).  Put another way, plaintiff must allege more than simply

19 that after he filed an inmate appeal, he lost his prison job and was charged with a disciplinary

20 violation.  He must also alleged facts suggesting that the loss of his prison job and the

21 disciplinary charge being brought were because of his filing of the inmate appeal.

22           Plaintiff is informed that the court cannot refer to a prior pleading in order to

23 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24 complaint be complete in itself without reference to any prior pleading.  This is because, as a

25 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court are plaintiff's motion to supplement his complaint and motion for appointment of counsel.  As to plaintiff's motion to supplement his complaint, in light of the discussion above, the court will deny plaintiff's motion.  In any amended complaint plaintiff elects to file, he may include all of the allegations and claims he wishes to proceed on in this cause of action.

As to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

      6.  Plaintiff's motion to supplement his complaint (Doc. No. 7) is denied.

      7.  Plaintiff's motion for appointment of counsel (Doc. No. 5) is denied.

DATED: March 8, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
modi2163.14a

8