IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE E. MODICA, SR.

      Plaintiff,                        No. 2:11-cv-2163 DAD P

    vs.

B. COX, et al.

      Defendants.                ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action, seeking relief under 42 U.S.C. § 1983.  He has moved for leave to take a written deposition of Lashawn Thomas, who, according to plaintiff, "is still incarcerated in the California Correctional Facility in Susanville, California," and "can provide information relevant to prove my case[.]" (Dkt. No. 34 at 1-2.)

       The defendants have filed a statement of non-opposition to plaintiff's motion. However, a deposition of an inmate by written questions requires leave of court under Rule 31(a)(2)(B) of the Federal Rules of Civil Procedure and is therefore an available discovery tool, to some extent, at the discretion of the court.  Rule 31(a)(2) expressly incorporates Rule 26(b), which provides in part that "the court must limit the . . . extent of discovery otherwise allowed by these rules if it determines that:  the discovery sought . . . can be obtained from some other

source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

As one of the leading treatises on federal civil procedure puts it, "[t]hough Rule 31 appears to offer a saving in expense when the deposition is to be taken at some far off place, its advantages are largely illusory. The procedure is more cumbersome than an oral examination, and is less suitable for a complicated inquiry, or for a searching interrogation of a hostile or reluctant witness." Wright & Kane, 20 Fed. Prac. & Proc. Deskbook § 91. Indeed, the procedure that plaintiff seeks would require the services of a court reporter to put the parties' questions, cross-questions, redirect-questions and re-cross questions to the witness, transcribe and certify his answers and deliver them to the plaintiff, who would then send a notice of completion to the other parties. See Fed. R. Civ. P. 31(a)(5), (b). Plaintiff has made no showing why he cannot obtain inmate Thomas' statement through simpler means, such as the solicitation of a sworn declaration, nor has he suggested any way of paying the court reporter who would carry out Rule 31's tedious procedure.

The existence of unexplored avenues by which plaintiff may obtain inmate Thomas' statement suggests a "source that is more convenient, less burdensome, or less expensive" than a deposition by written questions. Fed. R. Civ. P. 26(b)(2)(C)(i). Under these circumstances, leave for deposing inmate Thomas by written questions will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion seeking leave to conduct a deposition by written questions (Dkt. No. 34) is denied.

DATED: January 30, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
modi2163.ord

2