IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE E. MODICA, SR.,

     Plaintiff,                 No. 2:11-cv-02163 DAD P

    vs.

B. COX, et al.,

     Defendants.       ORDER

_____/

        Plaintiff is a former state prisoner now on parole proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are several discovery-related motions brought by the parties.

        First, plaintiff has filed two motions seeking leave from the court to obtain a declaration from a potential third-party inmate witness currently confined at the California Correctional Center. California Code of Regulations title 15, § 3139 governs correspondence between inmates, parolees, and probationers. It provides in part:

> Inmates shall obtain written authorization from the Warden/ Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:

/////

1

    (1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

    (2) Persons committed to any county, state or federal program as a civil addict.

    (3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

    (4) Persons on probation.

Cal. Code of Regs. tit. 15, § 3139.

    Plaintiff has not indicated whether he has availed himself, or attempted to avail himself, of the process provided by the California Code of Regulations to obtain approval to correspond with his potential third-party inmate witness. See Cal. Code of Regs. tit. 15, § 3139(b) ("Parolees may initiate request by contacting their Parole Agent (PA)").  Accordingly, the court will deny plaintiff's two motions seeking leave from the court to obtain a declaration from a potential third-party inmate witness without prejudice.  If plaintiff attempts to engage in communications with his potential third-party inmate witness by following the proper procedures outlined above and is denied access or is otherwise not able to effectively communicate with his potential witness, and those communications are necessary to prosecute this cause of action, plaintiff may renew his motion.  In any renewed motion, however, plaintiff will need to describe his attempts to avail himself of the process provided above, explain how the process failed him, and elaborate on why the communication with any potential third-party witness is relevant to this cause of action.  Plaintiff is cautioned that this court does not have jurisdiction in this action over anyone other than plaintiff and defendants.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

    Plaintiff has also filed motions for a protective order to relieve him of the obligation to participate in a deposition.  Plaintiff contends that he is currently on parole and is restricted to the area within a 50-mile radius of Alameda County and therefore cannot attend a deposition in Sacramento as defendants had previously noticed for February 5, 2013.  He further

1  contends that he has no transportation, is participating in "treatment", and is taking prescribed
2  medication.  In plaintiff's view, it is not possible for him to undergo a deposition at this time.
3  Defendants oppose plaintiff's motions for a protective order and have filed a motion to compel
4  plaintiff's attendance at a future deposition, presumably at a location in Sacramento.  Defense
5  counsel contends that plaintiff failed to appear for his properly-noticed deposition on February 5,
6  2013, and has presented no legal cause to avoid sitting for a deposition.  For example, defense
7  counsel argues, plaintiff has not indicated that he has tried to get permission from his parole
8  agent to attend his deposition or that he has tried to arrange for transportation to Sacramento.  In
9  addition, defense counsel contends, plaintiff has not explained how his alleged condition or
10 treatment therefor would affect his ability to give deposition testimony or for how long.

11          Under Rule 26(c) of the Federal Rules of Civil Procedure, the court may issue an
12 order to protect a party from whom discovery is sought from annoyance, embarrassment,
13 oppression, or undue burden or expense.  See Fed. R. Civ. P. 26(c); Hyde & Drath v. Baker, 24
14 F.3d 1162 (9th Cir. 1994) (district courts have wide discretion to establish the time and place of
15 depositions); Willis v. Mullins, No. CV F 04 6542 AWI LJO, 2006 WL 894922 at *2 (E.D. Cal.
16 Apr. 4, 2006) (court may consider convenience of the parties and relative hardships in attending a
17 deposition).  Typically, the defendants are entitled to depose a plaintiff in the forum where
18 plaintiff has chosen to sue.  See 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed. Dec. 2012).  In this
19 case, however, plaintiff has submitted evidence showing that as a condition of his parole he is not
20 allowed to travel more than 50 miles from his residence in Hayward, California, without his
21 parole agent's prior approval.  See Cal. Code of Regs. tit. 15, § 2512(a)(3).  Plaintiff has also
22 declared under penalty of perjury that he is indigent and lacks transportation.  Under these
23 circumstances, the court finds good cause to excuse plaintiff from appearing for a deposition in
24 Sacramento.  Defense counsel has not indicated that the defendants would incur unreasonable
25 costs or otherwise be prejudiced if counsel is required to take plaintiff's deposition within the
26 confines of plaintiff's parole restrictions.  Nor has defense counsel indicated why plaintiff's

deposition cannot take place by telephone or remote means to avoid incurring any additional expenses. See. Fed. R. Civ. P. 30(b)(4). For these reasons, the court will grant plaintiff's motions for a protective order in part.

However, the court will not relieve plaintiff from participating in a future properly-noticed deposition that is in accordance with the terms of this order. Plaintiff filed this action and has a duty to prosecute it diligently. As defense counsel observes, although plaintiff has submitted a declaration stating that he has some unspecified mental illness and takes prescribed medication for it, plaintiff has not submitted any evidence showing that his condition and/or the prescribed medication he is taking would render him unable to provide deposition testimony. In fact, plaintiff's numerous filings in this action contradict any claim that his thought process and ability to communicate are at all impaired. For these reasons, the court will grant defendants' motion to compel in part and allow defense counsel to re-notice plaintiff's deposition at a location within the confines of plaintiff's parole travel restrictions.

Next, plaintiff has filed a motion for an extension of time to serve his responses to defendants' interrogatories and request for production of documents. According to plaintiff, due to his treatment program he needs additional time to respond to these discovery requests. Several days after plaintiff filed his motion for an extension of time, defense counsel filed a motion to compel plaintiff's responses and requested additional time to bring a further motion to compel if necessary. Good cause appearing, the court will grant plaintiff's motion for an extension of time and order him to serve his responses to defendants' pending discovery requests within thirty days. The court will also grant defendants' motion and allow defense counsel to file any further motions to compel within thirty days of service of plaintiff's responses to defendants' discovery requests.

Finally, plaintiff has filed a motion for appointment of counsel. Plaintiff is advised that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court

may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to obtain a declaration from a potential third-party inmate witness (Doc. Nos. 39 & 40) are denied without prejudice;

2. Plaintiff's motions for a protective order (Doc. Nos. 38 & 46) are granted in part;

3. Defendants' motion to compel plaintiff's deposition (Doc. No. 47) is granted in part. Defendants shall re-notice plaintiff's deposition, if so desired, within thirty days of the date of this order. The time and place of the deposition shall be within the confines of plaintiff's parole restrictions;

4. Plaintiff's motion for an extension of time to serve his responses to defendants' discovery requests (Doc. No. 48) is granted. Plaintiff shall serve his responses to defendants' discovery requests within thirty days of the date of service of this order;

5. Defendants' motion to compel plaintiff to serve his responses on their interrogatories and requests for production of documents (Doc. No. 51) is granted. Defendants may file any further motion to compel within thirty days of service of plaintiff's discovery responses;

6. Plaintiff's motion for appointment of counsel (Doc. No. 49) is denied; and

/////
/////

7. Except as otherwise stated in this order, the court's November 20, 2012, discovery and scheduling order remains in effect.

DATED: March 26, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
modi2163.mots